**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SOFAUNA JOHNSON, individually and on behalf of all others similarly situated,<br><br>                               Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC.<br><br>                               Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT - 1
Case No.

5396

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-

Plaintiff Sofauna Johnson ("Plaintiff") brings this case, individually and on behalf of all others similarly situated, against Defendant Amazon Services LLC ("Amazon Services" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself, which are based on personal knowledge.

## I.    NATURE OF THE ACTION

1.    This is a class action suit brought against Defendant Amazon Services LLC for violating Cal. Civ. Code § 1799.3 through its collecting and sharing highly specific and sensitive information about consumers' video consumption habits without their consent.

2.    Amazon Services is the video service provider for United States Amazon Prime Video consumers.[1]

3.    Prime Video is a subscription video on-demand over-the-top video streaming and rental service. Prime Video allows consumers to watch videos "anywhere" on their "Amazon Fire TV, smart TVs, game consoles, mobile phones, selected tablets, laptops, and other compatible streaming devices."[2]

4.    Prime Video also rents and sells videos to consumers on a non-subscription basis.[3]

5.    Amazon Services maintains a digital record system that details the rental and purchase histories of every customer that purchases or rents a video on Prime Video. The record includes information such as "content interaction information," like "content downloads, streams, and playback details, including duration and number of simultaneous streams and

---

[1] https://www.primevideo.com/help/ref=atv_hp_nd_nav?nodeId=G202064890#GUID-AB930AFC-0712-45C6-AAE1-ADC3785256B2__GUID-BEBB5F2A-0805-4EC4-9DE8-D1B20E73DD77

[2] https://www.amazon.com/gp/video/offers/intercept?ref=DVM_US_DL_SL_GO_BRSA_mkw_sfx5Xv4Gz-dc&mrntrk=pcrid_690357294689_slid__pgrid_29008589832_pgeo_9032059_x__adext__ptid_kwd-296527732991

[3] *Id.*

CLASS ACTION COMPLAINT - 1
Case No.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1  downloads, and network details for streaming and download quality, including information about

2  [consumers'] internet service provider."[4]

3        6.      In recognition of the fact that companies who sell and rent videos – like Amazon

4  Services – collect certain confidential and sensitive consumer information with respect to personal

5  viewing habits, Cal. Civ. Code § 1799.3 bars video service providers from disclosing any personal

6  information, or the contents of any record, to any third-party, without written consent.

7        7.      However, Amazon Services violated Cal. Civ. Code § 1799.3 by knowingly

8  disclosing personally identifiable information ("PII") to its parent company— Amazon.com, Inc.

9  ("Amazon Inc.").   Amazon Services discloses consumers' PII to Amazon for audience

10 measurement purposes, marketing purposes, market research purposes, advertising purposes, and

11 other data collection and analysis purposes.  None of these services fall within the ordinary course

12 of business exception to § 1799.3, which only permits the disclosure of names and address for

13 commercial purposes.  *See* Cal. Civ. Code § 1799.3(6).  Nor does Amazon Services obtain

14 consumer's express written consent for such disclosures.

15       8.      Amazon Services also discloses consumers' PII to other non-Amazon affiliated

16 third parties for audience measurement purposes and market research without explicit written

17 consent.

## II.      PARTIES

18       9.      Plaintiff Sofauna Johnson is domiciled in California, residing in San Pedro,

19 California.  Plaintiff purchased videos from Amazon.

20       10.     Amazon.com Services LLC is a Delaware limited liability company with its

21 principal place of business in Seattle, Washington.  Amazon Services is a wholly owned

22 subsidiary of Amazon Inc.

## III.     JURISDICTION AND VENUE

23       11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(d)(2)(a)

24 because this case is a class action where the aggregate claims of all members of the proposed

---

[4] Privacy Notice,
https://www.amazon.com/gp/help/customer/display.html/ref=ap_register_notification_%20privacy_notice?ie=UTF8&nodeId=468496.

CLASS ACTION COMPLAINT - 2
Case No.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1    class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members

2    of the putative class, and Plaintiff, as well as most members of the proposed class, are citizens of

3    states different from Defendant.

4         12.    This court has personal jurisdiction over Defendant because Defendant is

5    headquartered in this district, and Plaintiff's claims arise out of each of the Defendant's forum-

6    related activities including the sale of videos and collection and transmission of private

7    information from consumers.

8         13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant

9    is headquartered in this District; transacts business in this District; and transacted business in this

10   District at the time the cause of action arose.

11                      **IV.    FACTUAL ALLEGATIONS**

12   **A.    The Federal Video Privacy Protection Act**

13        14.    The desire to keep video rental history records private led Congress to enact the

14   Video Privacy Protection Act of 1988, 18 U.S.C. § 2710 ("VPPA").  Inspired by the release of

15   video rental records of Supreme Court Justice Nominee Robert H. Bork and his family, Congress

16   promulgated the Act to explicitly preserve United States citizens' right to privacy in their video

17   rental histories.

18        15.    When the VPPA was introduced, Senator Paul Simon noted that:

19               There is no denying that the computer age has revolutionized
                 our world.  Over the past 20 years we have seen remarkable
20               changes in the way each one of us goes about our lives.  Our
                 children learn through computers.  We bank by machine.  We
21               watch movies in our living rooms.  These technological
                 innovations are exciting and as a nation we should be proud of
22               the accomplishments we have made.  Yet, as we continue to
                 move ahead, we must protect time honored values that are so
23               central to this society, particularly our right to privacy.  The
                 advent of the computer means not only that we can be more
24               efficient than ever before, but that we have the ability to be
                 more intrusive than ever before.  *Every day Americans are*
25               *forced to provide to businesses and others personal information*
                 *without having any control over where that information goes.*
26               *These records are a window into our loves, likes, and dislikes.*

27   S. Rep. No. 100-599 at 7-8 (1988) (emphasis added).

28   CLASS ACTION COMPLAINT - 3
     Case No.
                                                        **CARSON NOEL PLLC**
                                                        20 Sixth Avenue NE
                                                        Issaquah, Washington 98027
                                                        Tel: (425) 837-4717 • Fax: (425) 837-5396

16.     One of the original drafters of the VPPA, Senator Patrick Leahy, remarked that "the trail of information generated by every transaction is now recorded and stored in sophisticated record-keeping systems is a new, more subtle and pervasive form of surveillance." S. Rep. No. 100-599 at 8 (1988).

17.     In recognition of the sensitivity of video purchase and rental records, the VPPA prohibits "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider."  18 U.S.C. § 2710(b)(1).

18.     However, the VPPA differs from Cal. Civ. Code § 1799.3 in that it permits disclosure to any person if the disclosure is incident to the ordinary course of business of the video tape service provider.  *See* 18 U.S.C. § 2710(b)(2)(E).

**B.     Cal. Civ. Code § 1799.3**

19.     During the same time period, the California Legislature passed Cal. Civ. Code § 1799.3 into law to restrict the disclosure of video sale or rental records and protect Californian's privacy.  1988 Cal. Legis. Serv. 1050 (West) ("Existing law does not generally restrict the disclosure by persons providing video cassette sales or rental services of records prepared or maintained by those persons, although the California Constitution specifies privacy as one of the inalienable rights of all people in the state.").[5]

20.     In an effort to preserve Californian's right to privacy, Section 1799.3(a) provides that "[n]o person providing video recording sales or rental services shall disclose any personal information or the contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, other than the individual who is the subject of the record, without the written consent of that individual."

21.     However, compared to the VPPA, Section 1799.3 provides far narrower exceptions to disclosure.

---

[5] Cal. Civ. Code § 1799.3 was amended in 2009 to change "video cassettes" to "video recording."

CLASS ACTION COMPLAINT - 4
Case No.

22.     Specifically, Section 1799.3 contains no exception for disclosure made in the ordinary course of business.  Instead, it exempts "the disclosure of names and addresses only for commercial purposes."  Cal. Civ. Code § 1799.3(6).

**C.     Amazon Service's Disregard For Consumer Privacy**

23.     Once consumers are in the Amazon system, Defendant amasses data profiles for consumers with little regard for protecting their privacy.  Former Amazon chief information security officer Gary Gagnon described Amazon's internal access policies for customer information as a "free-for-all" among Amazon's global workforce.[6]

24.     One former, U.S.-based information security professional from Amazon explained that, "Amazon has grown so fast, it doesn't know what it owns . . . They don't know where their data is at . . . ."[7]

25.     One former employee stated: "We found hundreds of thousands of accounts where the employee is no longer there but they still have system access."[8]

26.     These data disclosure practices are more systemic than sending this data through one-off disclosures (such as through encoded pixels).  Instead, Amazon Services maintains a virtual "warehouse" of data that it collects from consumers and gives Amazon Inc. access to that database.

**D.     Amazon Service's Conduct Violates Cal. Civ. Code § 1799.3(6).**

27.     Amazon Services does not comply with Section 1799.3's written consent requirement.  Moreover, Amazon Services repeatedly admits that Amazon Services shares consumer data with Amazon Services affiliates like Amazon Inc.

28.     Defendant buries all of its privacy-related "disclosures" in a maze of hyperlinks and fine print.  The "disclosures" acknowledge that Amazon Services can and is sharing PII-related video usage history with both Amazon affiliates and unaffiliated third parties.

---

[6] https://revealnews.org/article/inside-amazons-failures-to-protect-your-data-internal-voyeurs-bribery-schemes-and-backdoor-access/

[7] https://www.politico.eu/article/data-at-risk-amazon-security-threat/

[8] *Id.*

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

29.     The registration process to create a new Amazon or Amazon Prime Account—

both of which include at least some level of Prime Video access—instead presents consumers

with a maze of hyperlinks and fine print.  First, a consumer is prompted to fill in his or her name,

email, and password.  There is no specific reference to video privacy disclosure, and consumers

are not presented with any requests for consent relating to their video records.  Instead, in fine

print at the bottom, consumers are simply told, "By creating an account, you agree to Amazon's

Conditions of Use and Privacy Notice."  That disclaimer contains hyperlinks to the Conditions of

Use and Privacy Notice.

CARSON NOEL PLLC

20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

30.     Consumers are not required to check a box indicating that they have agreed to the Conditions of Use and Privacy Notice before proceeding.

31.     Consumers are not required to scroll through the text of the Conditions of Use and Privacy Notice before proceeding.

32.     Neither the Conditions of Use nor the Privacy Notice contain a request for consent.

33.     If a consumer clicks on "Conditions of Use," the consumer is directed to a lengthy page of fine print.[9]

34.     The Conditions of Use do not request consumers' consent to disclose PII.

35.     If a user clicks on "Privacy Notice," the consumer is directed to another lengthy page of fine print.[10]

36.     The Privacy Notice does not request consumers' consent to disclose PII.

37.     Additionally, buried in the 3,624-word Privacy Notice's fine print, there is a hyperlink to the Privacy Choices page, which deals with cross-text behavior ads vis-à-vis third parties.  This link is not clear and conspicuous.  Instead, it is hyperlinked approximately halfway through the Privacy Notice.

38.     In addition to Amazon Services admitting that it discloses data, it also admits that the disclosures are for prohibited purposes.

39.     The Privacy Notice declares that Amazon entities "collect your personal information" and tells consumers that this collection includes three, broad categories of data—(1)

---

[9] Conditions of Use, https://www.amazon.com/gp/help/customer/display.html/ref=ap_register_notification_condition_of_use?ie=UTF8&nodeId=508088

[10] Privacy Notice, https://www.amazon.com/gp/help/customer/display.html/ref=ap_register_notification_privacy_notice?ie=UTF8&nodeId=468496

CLASS ACTION COMPLAINT - 7
Case No.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

provided information (i.e., information consumers provide to Amazon), (2) automatic information (i.e., information Amazon automatically gathers, such as information about your interaction with content);[11] and (3) information from other sources (e.g., third party carriers).

40.   Consumers who sign up for an Amazon Prime account are also told in fine print that "[b]y signing up, you acknowledge that you have read and agree to the Amazon Prime Terms and Conditions," which are hyperlinked.

41.   Consumers are neither required to check a box indicating that they have agreed to the Amazon Prime Terms and Conditions, nor required to scroll through the text of the Amazon Prime Terms and Conditions before proceeding.

42.   Only by clicking on the hyperlink are consumers directed to the Amazon Prime Terms and Conditions Page, where they are informed that "[i]f you sign up for a Prime membership, you accept these terms, conditions, limitations and requirements," listing a hyperlink to the Amazon Prime Video Terms of Use, among hyperlinks to the terms of use for other Amazon services.[12]

43.   The Amazon Prime Video Terms of Use ("Video Terms of Use") state that the agreement for video rental services is between the consumer and the "entity providing Amazon Prime Video Service" to the consumer.[13]   The entity providing Amazon Prime Video Service in the United States is Amazon Services.

---

[11] Examples include content interaction information, such as content downloads, streams, and playback details, including duration and number of simultaneous streams and downloads, and network details for streaming and download quality.

[12] Amazon Prime Terms and Conditions, https://www.amazon.com/gp/help/customer/display.html?nodeId=G2B9L3YR7LR8J4XP

[13] Amazon Prime Video Terms of Use, https://www.primevideo.com/help?nodeId=202095490

CLASS ACTION COMPLAINT - 8
Case No.

44.     The Video Terms of Use also state that in addition to the terms governing a specific provider, a separate Privacy Notice, Conditions of Use, and Amazon Prime Video Usage Rules may be applicable to the use of the service, along with "any rules or usage provisions specified on any product detail page or on any help or other informational page for the Amazon Prime Video service."[14]

45.     The Video Terms of Use page does not explicitly or clearly disclose that PII related to video usage is disclosed to third parties.

46.     Instead—buried in section 4(l), or twenty-two paragraphs in—it vaguely states that "[w]hile viewing certain Channels and Sports and Live content, Amazon may provide information about your viewing behavior to third parties for purposes of audience measurement and market research" and contains a hyperlink for further information.[15]

47.     The hyperlink identifies Nielsen as a third party and states that information about consumers' viewing behavior may be shared with Nielsen when consumers watch AMC+, Paramount+, and Thursday Night Football.[16]  The link to this "disclosure" is buried at the end of a section titled "Digital Content" in the Video Terms of Use.

48.     This "disclosure" only applies to one third party, only includes three discrete items, and does not include any explicit disclosures or information about video purchase or rental history.

49.     The only other mention of any potential sharing of PII related to video services in the Video Terms of Use is found under a section titled "Software," which states that "[w]e may provide certain information regarding your subscription status and use of Digital Content,

---

[14] Prime Video Terms of Use,  https://www.primevideo.com/help?nodeId=202095490
[15] *Id.*
[16] What Are Nielsen Viewing Measurements?
https://www.amazon.com/gp/help/customer/display.html?nodeId=202207330&view-type=content-only

CLASS ACTION COMPLAINT - 9
Case No.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

including viewing history, to video content providers, such as third parties offering subscription services through Prime Video Channels.  We will provide this information in a manner that is not identifiable to you (unless you authorize sharing identifiable information with a specific video content provider)."[17]

50.     The Amazon Prime Video Usage Rules, which are hyperlinked on the Video Terms of Use page, fail to disclose that PII related to video usage is shared with third parties.[18]

51.     The Amazon Prime Video Service Provider Information and Applicable Terms and Policies, are also hyperlinked on the Video Terms of Use page.  Under a "Applicable Terms and Legal Notices" Subheading, there are additional links leading back to the Amazon Prime Video Usage Rules page, the Video Terms of Use Page, along with the Conditions of Use page, the Privacy Notice page, an Internet-Based ads page, and a Twitch Terms of Service Page.[19]

52.     Notably, users who sign up for a regular Amazon account (i.e., not a Prime account) are only ever presented with Amazon's Conditions of Use and Privacy Notice, as described above. However, once logged in to a regular Amazon account, users can access Prime Video and rent, purchase, or watch FreeVee or "first episode free" videos without seeing or agreeing to any other disclosures.

53.     Users with regular Amazon accounts are never asked to acknowledge or are even directed to the Video Terms of Use before accessing Amazon Prime Video content.

**E.     Plaintiff's Experience**

54.     In or around 2017, Plaintiff Johnson created an Amazon account.

---

[17] Prime Video Terms of Use, Section 5(b), https://www.primevideo.com/help?nodeId=202095490&pop-up=1
[18] Prime Video Usage Rules, https://www.primevideo.com/help?nodeId=202095500
[19] Prime Video Service Provider Information and Applicable Terms and Policies, https://www.primevideo.com/help?nodeId=202064890

CLASS ACTION COMPLAINT - 10
Case No.

55.     Plaintiff Johnson has rented and purchased videos on Prime Video through that account.

56.     As a United States resident, Plaintiff Johnson contracted with Amazon Services to access Prime Video.

57.     Plaintiff did not consent to the disclosure of her PII to Amazon Inc.

58.     Plaintiff Johnson purchased or rented videos from Prime Video and has streamed additional video content.

59.     When Plaintiff Johnson purchased and/or rented these videos, Amazon Services collected the content viewed, including the name of the videos watched, the duration watched, and other identifying information such as name, address, and credit card information.

60.     Amazon Services disclosed that information to third-party, Amazon Inc., by providing Amazon Inc. with direct access to Amazon Service's database with information on Plaintiff Johnson, including access to Plaintiff Johnson's data, including the titles of videos watched, playback start dates and times, playback end dates and times, whether it was a purchase or rental history, billing address, ISP information, and location information.

61.     Furthermore, Plaintiff anticipates buying or renting additional video content in the future, but would like to do so without the disclosure of her personal information.

## V.     CLASS ALLEGATIONS

62.     **Class Definition**: Plaintiff seeks to represent a class of similarly situated individuals defined as all persons in the State of California who have Prime Video and amazon.com accounts, and viewed videos on Prime Video (the "Class").

63.     Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate.

64.     **Numerosity (Fed. R. Civ. P. 23(a)(1))**:  At this time, Plaintiff does not know the exact number of members of the aforementioned Class.  However, given the popularity of Prime Video, the number of persons within the Class is believed to be so numerous that joinder of all members is impractical.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396

65.     **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2), 23(b)(3))**:  There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual members of the Class include:

    (a)     whether Amazon Services collected Plaintiff's and the Class's PII;

    (b)     whether Defendant unlawfully disclosed and continues to disclose its users' PII in violation of California Civil Code § 1799.3;

    (c)     whether Defendant's disclosures were committed knowingly;

    (d)     whether Defendant disclosed Plaintiff's and the Class's PII without consent; and

    (e)     whether Defendant's conduct violates California Civil Code § 1799.3.

66.     **Typicality (Fed. R. Civ. P. 23(a)(3))**:  Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, used Prime Video to watch videos, and had her PII collected and disclosed by Amazon Services, and had her communications recorded by Amazon Services, without her consent.

67.     **Adequacy (Fed. R. Civ. P. 23(a)(4))**: Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation, including litigation concerning the disclosure of video recording or rental records. Plaintiff and her counsel are committed to vigorously prosecuting this class action.  Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the Class.  Neither Plaintiff nor her counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class.  Plaintiff has raised a viable statutory claim of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims.  If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Class, additional claims as may be appropriate, or to amend the definition of the Class to address any steps that Amazon Services took.

CLASS ACTION COMPLAINT - 12
Case No.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

68.     **Superiority (Fed. R. Civ. P. 23(b)(3))**:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action.

## COUNT I
## VIOLATION OF CALIFORNIA CIVIL CODE § 1799.3

69.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

70.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Amazon Services.

71.     Cal. Civ. Code § 1799.3(a) prohibits a "person providing video recording sales … services" from disclosing "any personal information or the contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, other than the individual who is the subject of the record, without the written consent of that individual."

72.     Amazon Services is a "person providing video recording sales … services" because it sells access to its online video stream platform, Prime Video, which hosts and delivers thousands of videos on Amazon's Prime Video platforms.

CLASS ACTION COMPLAINT - 13
Case No.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

73.     Amazon Services disclosed consumers' PII to Amazon Inc. and other Amazon affiliates.  This includes "content interaction information, such as content downloads, streams, and playback details, including duration and number of simultaneous streams and downloads, and network details for streaming and download quality, including information about [consumers'] internet service provider."[20]

74.     Plaintiff and Class members viewed videos using Prime Video.

75.     Amazon Services willfully disclosed Plaintiff's PII because it used that data to for audience measurement purposes, marketing purposes, market research purposes, advertising purposes, and other data collection and analysis purposes.

76.     Plaintiff and Class members did not provide Amazon Services with any form of consent—either written or otherwise—to disclose their PII to third parties.

77.     On behalf of herself and the Class, Plaintiff seeks: (i) declaratory relief; (ii) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with Cal. Civ. Code § 1799.3's requirements for protecting a consumer's PII; (iii) statutory damages of $500 for each violation of this law pursuant to Cal. Civ. Code § 1799.3(c); and (iv) reasonable attorneys' fees and costs and other litigation expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a judgment against Defendant, individually and on behalf of all others similarly situated, as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order declaring that Defendant's conduct violates the statutes referenced herein;

---

[20] Privacy Notice, https://www.amazon.com/gp/help/customer/display.html/ref=ap_register_notification_%20privacy_notice?ie=UTF8&nodeId=468496.

CLASS ACTION COMPLAINT - 14
Case No.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

(c)   For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d)   An award of statutory damages to the extent available;

(e)   For punitive damages, as warranted, in an amount to be determined at trial;

(f)   For prejudgment interest on all amounts awarded;

(g)   For injunctive relief as pleaded or as the Court may deem proper; and

(h)   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, on all claims so triable.

Dated: March 27, 2024                    Respectfully submitted,

By: */s/ Wright A. Noel*
    Wright A. Noel

Wright A. Noel
**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, WA 98027
Tel:  425.837.4717
Fax: 425.837.5396
Emal:  wright@carsonnoel.com

Joseph I. Marchese*
Philip L. Fraietta*
**BURSOR & FISHER, P.A.**
1300 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
Email: jmarchese@bursor.com
        pfraietta@bursor.com

CLASS ACTION COMPLAINT - 15
Case No.

1

2    Brittany S. Scott*
     **BURSOR & FISHER, P.A.**
3    1990 North California Blvd., Suite 940
     Walnut Creek, CA  94596
4    Telephone:  (925) 300-4455
     Facsimile:  (925) 407-2700
     Email:  bscott@bursor.com

5    *Attorneys for Plaintiff*
6    *\* Pro Hac Vice Application Forthcoming*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    CLASS ACTION COMPLAINT - 16
      Case No.